Theodore Mortagobi SAVAGE,
Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 22, 2000.

Decided Oct. 27, 2000.

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Robert A. Greevy, Harrisburg, for respondent.

BEFORE: COLINS, Judge,
PELLEGRINI, Judge, McCLOSKEY,
Senior Judge.

McCLOSKEY, Senior Judge.

Theodore Mortagobi Savage (Petitioner), petitions for review of a determination of the Pennsylvania Board of Probation and Parole (Board), denying Petitioner's request for administrative relief. For the reasons that follow, we reverse the Board's decision and grant its motion for remand.

Petitioner was convicted of theft and criminal conspiracy and sentenced to a term of twenty-three months to fifty-eight months in the Luzerne County Prison. Petitioner's maximum sentence was set to end on February 7, 1994. However, Petitioner was released on parole on November 11, 1991, having served forty-six months. (R. at 4).

Petitioner was arrested on May 4, 1992, and charged with robbery. The next day, the Board lodged a warrant.[1] After a hearing held on June 11, 1993, the Board revoked Petitioner's parole. The Board decided to recommit Petitioner as a convicted parole violator (CPV), when available to serve 125 months back-

time, in effect unexpired term. (R. at 29). However, on October 15, 1999, the Board modified its decision by deleting one count of robbery and one count of theft.[2] Also, the language in effect unexpired term was deleted from the modified decision; hence, Petitioner was recommitted to the Luzerne County Prison for 125 months backtime, when available. (R. at 30).

Thereafter, Petitioner filed a *pro se* petition for administrative relief, arguing that the Board's decision recommitting him to 125 months backtime was in error. Specifically, Petitioner asserted that the amount of backtime ordered in its recommitment order exceeded the amount of time remaining on his original sentence. Petitioner argued that he had to serve only the remaining twelve months backtime to complete the original maximum term of imprisonment.

The Board denied Petitioner's request for administrative relief and Petitioner petitioned for review. Subsequently, the Board filed a motion for remand/application for stay with this Court, indicating that it was willing to calculate the backtime owed and/or modify the decision to state a term not in excess of the maximum sentence originally imposed. On August 31, 2000, this Court denied the Board's motion for stay and directed the parties to file briefs.

■ On appeal to this Court,[3] Petitioner argues that the Board's order recommitting him to 125 months backtime is erroneous because it is beyond his original maximum sentence of fifty-eight months. The Board concedes that its order is misleading and, in this regard, filed a motion for

---

1. Petitioner was subsequently arrested on July 10, 1992, July 30, 1992, August 7, 1992, August 27, 1992, and September 17, 1992 and was eventually convicted of: robbery, aggravated assault, criminal mischief, intimidation of a witness/victim, and firearm not to be carried without a license. (R. at 13).

2. The record does not indicate why these counts were deleted.

3. Our scope of review of a Board's recommittal order is limited to determining whether necessary findings were supported by substantial evidence, whether error of law was committed, or whether constitutional rights were violated. *Johnson v.Pennsylvania Board of Probation and Parole*, 706 A.2d 903 (Pa. Cmwlth.1998).

remand, which is before this Court along with the merits of this case.

■ It is well-settled that the Board is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term. *Hall v. Pennsylvania Board of Probation and Parole,* 733 A.2d 19 (Pa.Cmwlth.1999), *petition for allowance of appeal denied,* —— Pa. ——, —— A.2d ——, 1999 WL 1125381 (1999). The Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence. *McCauley v. Pennsylvania Board of Probation and Parole,* 98 Pa.Cmwlth. 28, 510 A.2d 877 (1986). The Board must clarify its order when it decides to recommit a parolee for the balance of his unexpired term. *Davenport v. Pennsylvania Board of Probation and Parole,* 656 A.2d 581 (Pa.Cmwlth.1995).

In the present case, the Board recommitted Petitioner to 125 months backtime, when available, failing to include the language or unexpired term in its modified order. (R. at 30). We believe that that such actions are patently unfair to a parolee because he/she could be misled to believe that the recommittal period extends beyond the maximum sentence. We caution that the Board should include or unexpired term language in its orders to clarify the period of time which individuals must serve. Therefore, because the Board's recommittal order is clearly in error, we reverse and grant its motion for remand.

### ORDER

AND NOW, this 27th day of October, 2000, the order of the Pennsylvania Board of Probation and Parole (Board) is hereby reversed. The Board's motion for remand is granted and it is directed to complete a proper calculation of Theodore Mortagobi Savage's backtime.

Jurisdiction is relinquished.

