# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Heath N. Rodriguez, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 1464 C.D. 2013 |
| | : Submitted: March 28, 2014 |
| Pennsylvania Board of | : |
| Probation and Parole, | : |
| | : |
| Respondent | : |

BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
             HONORABLE ROBERT SIMPSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                          **FILED:  July 25, 2014**


Heath N. Rodriguez (Petitioner) petitions for review of the May 10, 2013 order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief to review the Board's order that recommitted him to serve 1,117 days of backtime, changed his eligibility for parole date to October 26, 2014, and changed his maximum sentence date to January 29, 2016. Petitioner contends that the Board erroneously extended his parole violation maximum date from October 12, 2014 to January 29, 2016.  For the following reasons, we affirm the order of the Board.

Petitioner was sentenced with a minimum parole eligibility date of October 12, 2010 and a maximum date of October 12, 2014. (Record Item (R. Item) 1, Sentence Status Summary). On November 15, 2010, Petitioner was paroled. (R. Item 5, Warrant to Commit.) Prior to his release on parole, Petitioner signed a parole agreement, which, among other things, specified that "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences you were serving when paroled/reparoled, with no credit for time at liberty on parole." (R. Item 4, Order to Release and Conditions at 15.) At the time of Petitioner's release on parole, he had 1,427 days remaining on his judicially imposed sentence of 4 to 8 years.

On February 24, 2011, Petitioner was arrested and detained at State Correctional Institution (SCI) Retreat for violating the conditions of his parole. (R. Item 6, Supervision History at 22; R. Item 8, PA DOC Moves Report at 52.) Petitioner was reparoled on April 19, 2011. (*Id.*) The 54 days Petitioner spent in custody during the months of February, March, and April of 2011 reduced the days remaining on his judicially imposed sentence by 54, bringing the total days remaining on his sentence down to 1,373.

Petitioner was arrested on new charges on March 16, 2012 and a detainer was lodged by the Board for violation of the conditions of Petitioner's parole. (R. Item 6, Criminal Arrest & Disposition Report at 20.) Petitioner remained in custody as a result of the new criminal charges until April 26, 2012, when he was released to the Board's custody pursuant to its detainer. (R. Item 8, Criminal Docket Bail Action at 55.) From the time of his arrest on March 16, 2012 until the time of his release to the Board, Petitioner was being held due to the new

2

criminal charges and not solely as a result of the Board's detainer, therefore the days Petitioner spent in custody during this period did not reduce the remaining 1,373 days of Petitioner's judicially imposed sentence.

On January 7, 2013, Petitioner was sentenced on the new charges to a minimum term of 7 years and a maximum term of 20 years, as well as 10 years of probation, following a negotiated guilty plea. (R. Item 8, Disposition/Sentence at 55-56.) Therefore, prior to his January 7, 2013 sentencing, Petitioner was held in custody from April 26, 2012 until January 7, 2013, or for 256 days, solely as a result of the Board's detainer. Crediting the 256 days Petitioner was held solely due to the Board's detainer to the existing 1,373 days remaining on Petitioner's prior judicially imposed sentence results in a remainder of 1,117 days.

On February 7, 2013, the Board mailed Petitioner a Notice of Decision recommitting Petitioner to serve 30 months backtime based upon the certified copy of the court record of his conviction. (R. Item 8, Notice of Board Decision at 68.) The Notice of Decision informed Petitioner that he was not eligible for reparole until April 10, 2015 and that he had a new maximum date of July 15, 2016. (*Id.*) On March 5, 2013, Petitioner filed a Petition for Administrative Review with the Board. (R. Item 9, Petition at 69.) However, before reviewing the substance of Petitioner's request for administrative review, the Board discovered that it had erred in its calculation of Petitioner's maximum date and, on May 15, 2013, the Board mailed a modified recalculation decision that changed Petitioner's maximum date to January 29, 2016. (R. Item 9, May 16, 2013 Letter; R. Item 10, Notice of Board Decision − Recalculation at 81.) Petitioner filed a Petition for Administrative Review of the Board's revised decision and on July 30, 2013, the Board denied the Petition and affirmed the

3

revised decision issued on May 10, 2013. (R. Item 10, Petition at 82, Board's Affirmance at 93-94.) Petitioner appealed the Board's denial to this Court.[1]

Petitioner argues that the Board was without authority to recalculate his maximum sentence date, that by doing so the Board erred by imposing backtime that exceeded his judicially imposed sentence, and that the Board's order was misleading because it did not include language specifying that Petitioner's recommitment was not to exceed his unexpired term.[2]

The Prisons and Parole Code[3] (Code) contains a provision applicable to convicted parole violators that provides, in part:

> (1)  A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
> (2)  If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

---

[1] Our review of an appeal from the Board is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 684 n.3 (Pa. Cmwlth. 2011).

[2] Petitioner also argues that the Board's actions, taken together, amount to a denial of due process. Because of our disposition of this appeal, we need not address this argument. We do, however, note that beyond a bare allegation, Petitioner's brief fails to develop this argument.

[3] 61 Pa. C.S. §§ 101-6309.

4

61 Pa. C.S. § 6138(a). As a result of the statutory mandate that a convicted parole violator "shall be given no credit for the time at liberty on parole," Petitioner's maximum date was extended by the number of days remaining on his judicially imposed sentence when he was paroled, minus the days he was in custody due to the Board's detainer, and Petitioner was not given credit towards his maximum date for the days in which he was on parole and not in the Board's physical custody. *Id.*; *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (*en banc*)[4]; *see also generally Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003); *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). Both Pennsylvania statutory law and judicial precedent provide that the Board has not only the authority to recalculate a convicted parole violator's maximum date in this manner, but it also has a duty to do so. Therefore, the Board did not err when it extended Petitioner's maximum date.

Next, Petitioner contends that the Board erred in its recalculation of his maximum date because the Board imposed backtime that exceeds his judicially imposed sentence. The Board recommitted Petitioner for 1,117 days, extending Petitioner's maximum date to January 29, 2016. As detailed above, when Petitioner was paroled on November 15, 2010 he had 1,427 days remaining on his judicially imposed sentence. Following his parole, Petitioner was held in custody by the Board's detainer twice prior to his January 7, 2013 sentencing on new

---

[4] "It is clear from a plain reading of the statute, that while technical parole violators are entitled to credit for time served while on parole in good standing, such that they may only be recommitted for the remainder of their original sentences, convicted parole violators, on the other hand, are not entitled to any credit for street-time. Consequently, when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time, regardless of good or delinquent standing." *Richards*, 20 A.3d at 599.

5

charges. The period of time Petitioner spent in custody prior to his new sentencing amounted to 54 days in 2011 and 256 days beginning on April 26, 2012 and ending on January 7, 2013, for a total of 310 days. Crediting 310 days to the 1,427 days remaining on Petitioner's sentence when he was paroled on November 15, 2010, reduces his remaining term to 1,117 days. While it is well-settled that the Board is not permitted to impose backtime which exceeds the remainder of a parole violator's unexpired term, the Board did not act contrary to this principle here; instead, the Board simply did not credit Petitioner's time at liberty on parole as time served. *Davenport v. Pennsylvania Board of Probation and Parole*, 656 A.2d 581, 584 (Pa. Cmwlth. 1995). Therefore, Petitioner's correct maximum date is January 29, 2016 and not October 12, 2014 as Petitioner contends.

Finally, Petitioner argues that the Board must include language specifying that backtime imposed is not to exceed the remaining balance of his unexpired term. *See Savage v. Pennsylvania Probation and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) ("The Board must clarify its order when it decides to recommit a parolee for the balance of his unexpired term."). Petitioner's argument is of no moment. Petitioner was not recommitted to serve more than the balance of his unexpired term. Petitioner was recommitted to serve precisely the balance of his unexpired term. The order Petitioner received is thus quite unlike the order at issue in *Savage*, which did erroneously impose backtime that exceeded that petitioner's unexpired term. *Savage*, 761 A.2d at 644-645. While we agree with Petitioner that inclusion of the unexpired term language in recommitment orders is good practice, Petitioner offers no argument to suggest that he was injured by the absence of this language here. We also reiterate that where ambiguity does exist, an order issued by the Board must be interpreted to comply with the long-standing

6

principle that the Board may not extend a judicially imposed sentence. *See, e.g. Massey v. Pennsylvania Board of Probation and Parole*, 501 A.2d 1114, 1115 n.7 (Pa. 1985).

The order of the Board is affirmed.

_____

**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Heath N. Rodriguez,        :
                                   :

             Petitioner        :
                                   :

             v.                 : No. 1464 C.D. 2013
                                   :

Pennsylvania Board of        :
Probation and Parole,        :
                                   :

             Respondent       :

## ORDER

AND NOW, this 25th day of July, 2014, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is AFFIRMED.

_____

**JAMES GARDNER COLINS, Senior Judge**