IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Korey Marshal,                          :
                        Petitioner      :
                                        :
            v.                          :
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :       No. 894 C.D. 2015
                        Respondent      :       Submitted: February 12, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                             FILED: June 14, 2016


            Korey Marshal (Marshal), an inmate incarcerated at the State
Correctional Institution at Graterford (SCI-Graterford), petitions this Court for review
of the Pennsylvania Board of Probation and Parole's (Board) April 24, 2015 order
upholding Marshal's maximum sentence release date recalculation. The issues before
this Court are:[1] (1) whether the Board abused its discretion by failing to determine
whether Marshal was entitled to credit for time he spent at liberty on parole; and (2)

---

[1] In Marshal's Statement of Questions Involved, he presents the following question:

> Whether the [] Board's orders . . . recommitting [him] as a convicted
> parole violator to serve the unexpired term of one year [and] six
> days[,] and extending his maximum date to December 11, 2015, and
> deny[ing] his request for administrative relief, with regard to his
> request for proper crediting to him the time he has spent incarcerated
> and at liberty on parole [sic].

Marshal Br. at 8. However, because Marshal's Argument was more clearly divided into two
sections in his brief entitled, "Failure to Exercise Discretion" and "Illegal [E]xtension of Maximum
[D]ate," we will address the issues accordingly. Marshal Br. at 12, 18.

whether the Board erred by extending Marshal's judicially-imposed sentence. After review, we affirm.

On July 11, 2011, Marshal was paroled from a 1½ to 4-year sentence for the manufacture, sale, delivery or possession with the intent to deliver controlled substances. At that time, his maximum sentence release date was September 17, 2012. On May 30, 2012, the Philadelphia Police Department arrested and charged Marshal for drug and firearms violations, and the Philadelphia County Common Pleas Court (Philadelphia County) detained Marshal in lieu of monetary bail. The Board lodged a detainer against Marshal on May 31, 2012. Philadelphia County released Marshal on ROR (released on his own recognizance) bail on July 19, 2012, and he was returned to SCI-Graterford on July 25, 2012 based on the Board's detainer. On September 18, 2012, due to the expiration of Marshal's original sentence, the Board lifted its detainer. Marshal had served 61 days of his original sentence between July 19 and September 18, 2012. On September 19, 2012, Philadelphia County vacated Marshal's ROR bail and again detained Marshal in lieu of monetary bail. On February 3, 2014, Philadelphia County released Marshal on unsecured bail to house arrest.

On August 4, 2014, Marshal pled guilty to firearms possession violations and was sentenced to 3 to 6 years' imprisonment. On August 13, 2014, the Board re-lodged its detainer, and Marshal was returned to SCI-Graterford the same day. On October 22, 2014, Marshal waived his right to counsel, a preliminary hearing, a panel hearing and a revocation hearing, and admitted that he was convicted of new criminal charges while on parole. On December 3, 2014, the Board voted to recommit Marshal as a convicted parole violator and to deny him street time[2] credit. On January 20, 2015, the Board issued an order recommitting Marshal as a convicted

---

[2] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

parole violator to serve his previously-unexpired 1 year and 6 days of backtime, and recalculating Marshal's maximum sentence release date as December 11, 2015.

On February 20, 2015, the Board received Marshal's pro se administrative appeal, in which he claimed, *inter alia*, that the Board was not authorized to change the maximum date of his judicially-imposed sentence. By response mailed April 24, 2015, the Board concluded, in pertinent part:

> [B]ecause there was sufficient evidence to revoke your parole, the Board had discretion to continue you on parole or recommit you to a state correctional institution. [Section 6138 of the Prisons and Parole Code (Parole Code),] 61 Pa.C.S. § 6138. Therefore, the Board finds no merit in your claim that you did not receive adequate due process.
>
> . . . .
>
> Furthermore, because the offense occurred while you were on parole, was punishable by imprisonment and resulted in convictions in a court of record, the Board had discretion to recommit you as convicted parole violator. 61 Pa.C.S. § 6138(a)(1). The fact that the Board chose to recommit you to a state correctional institution in this instance, as opposed to continuing you on parole, is not grounds for relief because that decision is a matter of discretion. Moreover, since the Board chose to recommit you as a convicted parole violator, your original sentence had to be recalculated to reflect that you received no credit for the period you were at liberty on parole. 61 Pa.C.S. § 6138(a)(2). As such, the Board acted within its authority by recommitting you as a convicted parole violat[or] and recalculating your maximum sentence date to reflect that you received no credit for the time you were at liberty on parole.

Certified Record (C.R.) at 89-90. Marshal appealed to this Court.[3]

---

[3] "Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence." *Pittman v. Pa. Bd. of Prob. & Parole*, 131 A.3d 604, 607 n.5 (Pa. Cmwlth. 2016), *appeal granted*, 90 MAL 2016 (Pa. May 23, 2016).

Marshal first argues that the Board erred by "fail[ing] to examine whether he would be eligible for time at liberty on parole pursuant to [Section 6138(a)(2.1) of the Parole Code,] 61 Pa.C.S. § 6138(a)(2.1)[.]" Marshal Br. at 12. Specifically, citing *Gillespie v. Department of Transportation, Bureau of Driver Licensing*, 886 A.2d 317 (Pa. Cmwlth. 2005), Marshal contends that the Board's failure to make a determination regarding whether he was entitled to street time credit was an abuse of discretion.

Section 6138(a) of the Parole Code states, in relevant part:

**Convicted violators.**--

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) **If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as provided under paragraph (2.1), **shall be given no credit for the time at liberty on parole**.

(2.1) **The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

4

> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code] (relating to early parole of inmates subject to Federal removal order).

61 Pa.C.S. § 6138(a) (text emphasis added).

> Hence, the Board's exercise of discretion under [S]ection 6138(a) of the Parole Code is two-fold. First, the Board must determine whether to recommit a parole violator. Second, when recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term, but the Board may, in its discretion, award the parolee credit.

*Pittman v. Pa. Bd. of Prob. & Parole*, 131 A.3d 604, 609 (Pa. Cmwlth. 2016), *appeal granted*, 90 MAL 2016 (Pa. May 23, 2016).

This Court has expressly held that where the Board has been presented with the choice to award a parolee street time credit, the Board exercises its discretion by checking the "no" box on the hearing report. *Pittman*. The Court reasoned:

> Based upon its plain language, there are no statutory standards in [S]ection 6138(a)(2.1) of the Parole Code that define or curtail how, when, or in what manner discretion should or must be exercised. It is well-settled that this Court cannot supply such guideposts as a matter of judicial construction. *Commonwealth v. Rieck Inv[.] Corp.,* . . . 213 A.2d 277, 282 ([Pa.] 1965) ('[I]t is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include.'). Ultimately, the absence of statutory standards [] supports the conclusion that the Board's checking of 'no' on the hearing report demonstrates that the Board fully exercised the discretion that the legislature afforded to it under [S]ection 6138 of the Parole Code. Therefore, [the] argument that the Board failed to exercise discretion is refuted by the record and the statutory language and scheme contained in [S]ection 6138 of the Parole Code.

*Pittman*, 131 A.3d at 611 (footnote omitted). Here, by checking the "no" box on Marshal's hearing report, the Board clearly exercised its discretion and determined that Marshal was not entitled to credit for his street time. *See* C.R. at 58. Moreover,

5

in its April 24, 2015 response to Marshal's administrative appeal, the Board clearly delineated the reasons for its action, thereby further evidencing that it exercised its discretion. Accordingly, the Board did not abuse its discretion.

Moreover, as in *Pittman*, we here hold that Marshal's reliance on *Gillespie* is misplaced. The *Pittman* Court explained:

> [In *Gillespie*], we concluded that the trial court failed to exercise discretion when ruling on the [Department of Transportation's (Department)] request for a continuance. We initially reiterated that judicial discretion 'broadly defined, is the option which a judge may exercise either to do or not to do that which is proposed to him.' [*Id.*] at 319 (citation omitted). After noting the trial court's '[b]lind adherence to an established policy,' this Court determined that the trial court 'did not exercise its discretion at all.' *Id.* at 319–20. . . .
>
> . . . .
>
> Unlike the trial court in *Gillespie,* the Board here did not 'punt' away its duty to exercise discretion in rendering its decision. Instead, the Board was presented with a choice and affirmatively chose to deny Pittman credit. In completing the hearing report, the Board exercised discretion in deciding 'either to do or not do that which is proposed to [it],' *id.* at 319, under [S]ection 6138(a)(2.1) of the Parole Code. Notably, Pennsylvania law presumes that the Board acted lawfully and utilized its discretion in good faith, *see Office of Governor v. Donahue,* . . . 98 A.3d 1223, 1239 ([Pa.] 2014), and Pittman does not contend otherwise. Therefore, because the record establishes that the Board exercised discretion, *Gillespie* is clearly distinguishable on its facts.

*Pittman*, 131 A.3d at 611-12.

Next, Marshal contends that the Board erred by extending his maximum sentence release date from September 17, 2012 to December 11, 2015. Specifically,

6

Marshal avers that the Board unconstitutionally extended the maximum term of his judicially-imposed sentence.[4]

We recognize "[t]he Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000)). However, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street[]time, regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). The Pennsylvania Supreme Court has specifically held that the Board's authority to extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or

---

[4] Marshal states in his Summary of Argument that "any contractual relationship that might be deemed as having captured his consent to allow for . . . the Board [to extend his sentence] must be considered as illegal and therefore unenforceable." Marshal Br. at 11. He also stated as part of his maximum term extension argument that "to the extent that he can be faulted for agreeing to any condition that would allow for the maximum term of his sentence to be extended, he was forced to enter into an illegal contract[,] and that any contract that purports to authorize an illegal act is unenforceable." Marshal Br. at 18-19. However, Marshal did not include the illegal contract issue in his petition for review or in his Statement of Questions Involved, nor did he develop it in his brief.

The 2014 amendments to Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) 1513(d) preclude a finding of issue waiver if the Court, based upon the certified record, is able "to address an issue not within the issues stated in the petition for review[,] **but included in the statement of questions involved and argued in a brief**." Pa.R.A.P. 1513, Official Note (2014) (emphasis added). The amendments did not change "Pa.R.A.P. 2116's requirement that '[n]o question will be considered unless it is stated in the statement of questions involved [in appellant's brief] or is fairly suggested thereby.'" *Id.*; *see also Winchilla v. Workers' Comp. Appeal Bd. (Nexstar Broad.)*, 126 A.3d 364, 368 n.6 (Pa. Cmwlth. 2015). Moreover, issues not properly developed in the appellant's brief are waived. *See Aveline v. Pa. Bd. of Prob. & Parole*, 729 A.2d 1254 (Pa. Cmwlth. 1999). Accordingly, because Marshal did not include the illegal contract issue in his petition for review or in his Statement of Questions Involved, and he did not develop it in his brief, it is waived.

violate a parolee's due process rights.[5] *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).[6]

When Marshal was paroled on July 11, 2011, he had 434 days remaining to be served on his original sentence. While on parole, Marshal committed a crime for which he pled guilty. He was credited 61 days on his original sentence for the time spent under the Board's detainer between July 19 and September 18, 2012, which left 373 days (1 year and 6 days) to serve on his original sentence. On December 3, 2014, when the Board revoked Marshal's parole and recommitted him

---

[5] The fact that Marshal's original sentence had expired on September 17, 2012 does not alter the Board's authority to recommit Marshal and extend his maximum sentence release date. As this Court recently reiterated:

> It is well settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole. . . . The fact that [the parolee] did not enter his plea until . . . after the expiration of the original term . . . is irrelevant.

*Price v. Pa. Bd. of Prob. & Parole*, 117 A.3d 362, 367-68 (Pa. Cmwlth. 2015) (quoting *Miskovitch v. Pa. Bd. of Prob. & Parole,* 77 A.3d 66, 73-74 (Pa. Cmwlth. 2013)).

[6] The Parole Code was consolidated and became effective on October 13, 2009. *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

8

to serve the remainder of his original sentence without credit for any of the time he was on parole, Marshal was required to serve 373 days remaining on his original sentence. By adding 373 days to December 3, 2014, the Board properly recalculated Marshal's maximum sentence release date to December 11, 2015. *See* C.R. at 65. Thus, the Board properly extended Marshal's maximum sentence release date from September 17, 2012 to December 11, 2015, and did not violate Marshal's due process rights.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Korey Marshal,                              :
                     Petitioner          :
                                           :
               v.                           :
                                           :
Pennsylvania Board of Probation             :
and Parole,                                 :       No. 894 C.D. 2015
                     Respondent          :

## O R D E R

AND NOW, this 14th day of June, 2016, the Pennsylvania Board of Probation and Parole's April 24, 2015 order is affirmed.


                                        _____
                                        ANNE E. COVEY, Judge