IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Vieldhouse, : 
                 Petitioner : 
                  :   No.  803 C.D. 2018
          v. : 
                  :   Submitted:  November 2, 2018
Pennsylvania Board of : 
Probation and Parole, : 
                 Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge

*__OPINION NOT REPORTED__*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  March 1, 2019

Before the court is the petition for review of the May 14, 2018 order of the Pennsylvania Board of Probation and Parole (Board), which denied the request for administrative relief from the Board's October 4, 2017 order recalculating the maximum sentence date of Daniel J. Vieldhouse (Petitioner). Also before the court is the Application for Leave to Withdraw as Counsel, filed by Michelle M. Alaskey, Esquire (Counsel), of the Public Defender's Office of Forest County, on the basis that there are no grounds for appeal and the petition is frivolous. We grant Counsel's application to withdraw and affirm the Board's order.

The facts of this case are as follows. On June 4, 2014, the Montgomery County Court of Common Pleas sentenced Petitioner to two years and three months to

eight years' imprisonment following his convictions for theft-related offenses, and his original maximum sentence date was July 6, 2021. (Certified Record (C.R.) at 1-3.)

The Board thereafter granted Petitioner parole. On October 5, 2015, Petitioner signed conditions governing his parole advising that, "[i]f you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." (C.R. at 10.) On October 6, 2015, Petitioner was released on parole. (C.R. at 8-12.)

On December 2, 2015, Petitioner absconded, and the Board declared him delinquent as of that date. On September 9, 2016, the police arrested Petitioner for a multitude of offenses for criminal episodes occurring in Montgomery and Berks Counties. In four separate criminal docket numbers, Petitioner was charged, *inter alia*, with driving under the influence, forgery, home improvement fraud, theft by unlawful taking, terroristic threats, and flight to avoid apprehension. (C.R. at 14, 37-69.)

On September 9, 2016, the Board issued a warrant to commit and detain Petitioner for absconding and technical violations of parole. By decision mailed October 25, 2016, the Board recommitted Petitioner as a technical parole violator (TPV) to serve six months' backtime, and he was detained pending disposition of the criminal charges. In the October 25, 2016 decision, the Board extended Petitioner's maximum sentence date by 282 days to account for the time that he had absconded until the time of his arrest, i.e., from December 2, 2015, to September 9, 2016, and recalculated the new maximum sentence date as April 14, 2022. After his arrest, Petitioner remained incarcerated and was unable to post bail. (C.R. at 14, 82-86, 207.)

On October 7, 2016, March 13, 2017, and June 8, 2017, Petitioner tendered four distinct guilty pleas in the Court of Common Pleas of Montgomery County and the Court of Common Pleas of Berks County, which disposed of all of the charges filed against him in the four criminal docket numbers. The trial judges in those cases imposed four judgments of sentence against Petitioner: (1) an aggregate term of six months' probation; (2) an aggregate term of 11 and 1/2 months to 23 months' imprisonment; (3) an aggregate term of 18 months to 60 months' imprisonment, with credit for time served from September 9, 2016, through June 8, 2017; and (4) a sentence of no further penalty. The judges ordered that these four sentences be served concurrently. (C.R. at 97-98, 137-38, 164-66.)

Correspondingly, the Board issued three separate notices of charges and hearing on November 10, 2016, April 28, 2017, and August 16, 2017. In each instance, Petitioner executed a Waiver of Revocation Hearing and Counsel/Admission Form and admitted to the new criminal convictions. By decision recorded December 16, 2016, the Board recommitted Petitioner as a convicted parole violator and remanded him to a state correctional facility to serve six months' backtime concurrent to the backtime imposed for the technical violation as stated in the October 25, 2016 decision. By decision mailed May 23, 2017, the Board recommitted Petitioner as a convicted parole violator (CPV) and remanded him to a state correctional facility to serve 18 months' backtime concurrent to the backtime imposed for the previous technical and convicted violations. (C.R. at 77-102, 139-42.)

On October 4, 2017, the Board issued another order clarifying that Petitioner was being recommitted to a state correctional facility as both a TPV and as CPV to serve a total of 18 months' backtime. (C.R. at 197-98, 216-17.) The Board stated that, in exercising its discretion, it decided not to award Petitioner credit for time

3

spent at liberty on parole for the following reasons: "prior supervision failure" and "multiple arrests/convictions during this release period." (C.R. at 217.)

In its order to recommit dated September 22, 2017, the Board noted that Petitioner was not available to begin serving his backtime until June 8, 2017. The Board extended Petitioner's original maximum sentence date of July 6, 2021, to March 9, 2023, adding five years and nine months for backtime owed. (C.R. at 218.)

Subsequently, Petitioner filed an administrative appeal, asserting that the Board erred in recalculating his maximum sentence date because the Board failed to properly apply the backtime imposed on his new sentences concurrently and failed to afford him credit for time spent in confinement and at liberty on parole. By decision mailed May 14, 2018, the Board affirmed its October 4, 2017 decision. (C.R. at 223-25.)

Petitioner then filed a petition for review with this Court,[1] and Counsel filed an application to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless.

Where, as here, counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw from representation if counsel: (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a no-merit letter satisfying the requirements of *Turner*; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). When counsel seeks to withdraw under *Turner*, our Supreme Court has held that

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

counsel may fulfill his/her responsibilities by providing a no-merit letter that details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. 544 A.2d at 928. Once counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the petitioner's claims. *Miskovitch*, 77 A.3d at 70.

Here, the record reflects that, in her *Turner* no-merit letter, Counsel informed Petitioner of Counsel's request to withdraw, provided Petitioner with a copy of the *Turner* letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless, and advised Petitioner of his right to retain new counsel or raise any new points he might deem worthy of consideration. (Application to Withdraw, 9/4/2018; *Turner* Letter, 9/4/2018). Because Counsel has satisfied the procedural requirements for withdrawal, the Court will independently review the merits of Petitioner's appeal.

First, Petitioner argues that the Board failed to grant him credit for time that he spent in confinement while awaiting disposition of the criminal charges. Under Pennsylvania law, "when bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence." *Hammonds v. Pennsylvania Board of Probation and Parole*, 143 A.3d 994, 997 (Pa. Cmwlth. 2016). Here, the Board lodged its detainer against Petitioner on September 9, 2016, the date of his arrest, and a trial judge from the Court of Common Pleas of Berks County imposed Petitioner's final or most recent sentence on June 8, 2017, resulting in a period of 273 days of pre-sentence incarceration. During this time, Petitioner was unable to make bail. In its sentencing order, the trial judge credited 273 days toward Petitioner's latest sentence. *See* C.R. at 189; Sentencing Order, 6/8/2017, at 2 ("[It] is ordered that

5

defendant is to receive credit of 273 days time served."). Therefore, Petitioner's argument lacks merit.

Next, Petitioner contends that the Board erred in imposing backtime and in failing to properly consider and apply the backtime in a correct and concurrent manner. Here, in a series of decisions mailed October 25, 2016, recorded December 16, 2016, mailed May 23, 2017, and mailed October 4, 2017, the Board recommitted Petitioner as a TPV with six months' backtime, as a CPV with six months' backtime, as a CPV with 18 months' backtime, and as a CPV with 18 months' backtime, respectively. In these decisions, the Board made clear that each imposition of backtime was to be served concurrently. In the decision dated October 4, 2017 the Board confirmed this, referring to its prior decisions and stating that, due to the concurrent nature of the backtime, Petitioner only owed a total of 18 months' backtime. (C.R. at 216-17.)

Further, when the Board imposes backtime, the Board does not impose an additional sentence on the parolee but, rather, simply directs a parolee to complete the original judicially mandated sentence. *Hughes v. Pennsylvania Board of Probation and Parole*, 179 A.3d 117, 121 (Pa. Cmwlth. 2018). In *Yates v. Pennsylvania Board of Probation and Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012), the parolee was recommitted as a TPV to serve 9 months' backtime when he only had four months and 28 days remaining on his original sentence. We noted our previous holding in *Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643 (Pa. Cmwlth. 2000), that the Board "is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term" and that it "can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power

6

to alter a judicially-imposed sentence." *Id.* at 645. Applying *Savage*, this Court in *Yates* concluded that the Board's imposition of backtime was in error.

Here, the Board imposed a total of 18 months' backtime, and Petitioner owed 5 years and 9 months of backtime at the time of his recommitment. Because the amount of backtime did not exceed the unexpired term of Petitioner's original sentence, Petitioner's argument is meritless.

Petitioner also asserts that the Board erred by not crediting him for the time he spent at liberty on parole when calculating his new maximum sentence date. In 2012, our General Assembly amended the Prisons and Parole Code (Parole Code)[2] and added section 6138(a)(2.1), 61 Pa.C.S. §6138(a)(2.1), which vests the Board with discretion to grant a CPV with credit for time spent at liberty on parole. *See Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 469 (Pa. 2017). This provision states, in relevant part: "The [B]oard may, in its discretion, award credit to a parolee recommitted [as a CPV] for the time spent at liberty on parole," unless the parolee commits a crime enumerated in the statute. 61 Pa.C.S. §6138(a)(2.1).[3] In *Pittman,* our Supreme Court concluded that if the Board exercises its discretion pursuant to section 6138(a)(2.1) and denies credit, it "must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Id.* at 475. The Supreme Court observed that the Board's statement need not

---

[2] 61 Pa.C.S. §§101-6309.

[3] The Board is deprived of this discretion when "(i) [t]he crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)" or "(ii) [t]he parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order)." 61 Pa.C.S. §6138(a)(2.1)(i)-(ii). Neither of these provisions apply to Petitioner.

"be extensive and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

In *Smoak v. Talaber*, 193 A.3d 1160 (Pa. Cmwlth. 2018), this Court determined that the Board's five-word reason for denying credit for street time— "unresolved drug and alcohol issues"—was "just barely sufficient" to satisfy *Pittman*'s contemporaneous statement requirement. *Id.* at 1164-65. In other cases, we have concluded that the following reasons provided by the Board were adequate and complied with *Pittman*: "conviction involved possession of a weapon"; "prior history of supervision failures" and "unresolved drug and alcohol issues"; "third firearm conviction"; and "extensive history of illegal drug involvement" and "new drug-related conviction." *Marshall v. Pennsylvania Board of Probation and Parole*, __ A.3d __, __ (Pa. Cmwlth., No. 172 M.D. 2018, filed December 18, 2018) (collecting cases), slip op. at 10.

Here, in its October 4, 2017 decision, the Board decided not to award Petitioner credit as a CPV for time spent at liberty on parole due to "prior supervision failure" and "multiple arrests/convictions during this release period." (C.R. at 217.)[4] In official records maintained by the Board that are entitled "Supervision History," the Board documented that in a prior period of parole that occurred during a previous sentence that has been completed, Petitioner's "adjustment to supervision [was] poor." (C.R. at 80.) In doing so, the Board noted that Petitioner failed to inform his parole agent that he changed residences, was laid off from his job, and was released from an

---

[4] We note that the Board recommitted Petitioner as both a TPV and a CPV for the same parole period, and Petitioner does not have any prior instances of parole that resulted in a grant of credit for recommitment as a TPV. Hence, our recent decision in *Penjuke v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa. Cmwlth., 1304 C.D. 2017, filed February 1, 2019) (en banc), is inapplicable. *See id.*, slip op. at 33 ("[W]e conclude that when the Board recommits a CPV, it cannot revoke the credit that a parolee has been granted in a previous parole that resulted in recommitment as a TPV.").

inpatient rehabilitation center, and that he did not attend a scheduled meeting with the agent. (C.R. at 80.) Moreover, the record reflects that Petitioner essentially went on a crime spree during his latest release on parole. (C.R. at 39-54.) Consequently, the Board provided adequate reasons for denying Petitioner credit, and Petitioner's argument is devoid of merit.

Finally, Petitioner generally asserts that the Board erred in calculating his new maximum sentence date. However, Petitioner's original maximum sentence date was July 6, 2021, and when he was paroled on October 6, 2015, Petitioner had five years and nine months remaining on his original maximum sentence. (C.R. at 1-5.) As explained above, Petitioner was awarded the proper amount of credit for the time he spent in pre-sentence confinement; the Board did not err in imposing and computing backtime; and the Board properly denied Petitioner credit for time spent at liberty on parole. Because Petitioner is not entitled to any days of credit, he still owes five years and nine months on his original maximum sentence. On June 8, 2017, Petitioner was returned to the custody of the Board and was able to begin serving his backtime. Adding five years and nine months to this date yields a new maximum sentence date of March 9, 2023. *See* section 6138(a)(4) of the Parole Code, 61 Pa.C.S. §6138(a)(4) ("The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator."). Therefore, the Board correctly calculated Petitioner's new maximum sentence date and Petitioner's argument lacks merit.

Accordingly, we affirm.

_____
PATRICIA A. McCULLOUGH, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Vieldhouse,                          :
                    Petitioner                 :
                                               :    No.  803 C.D. 2018
            v.                                 :
                                               :
Pennsylvania Board of                          :
Probation and Parole,                          :
                    Respondent                 :

## *ORDER*

AND NOW, this 1st day of March, 2019, the Application for Leave to Withdraw as Counsel filed by Michelle M. Alaskey, Esquire, is GRANTED, and the decision of the Pennsylvania Board of Probation and Parole, mailed May 14, 2018, is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge