# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric LaVaughn Johnson,          :
         Petitioner         :
               :
    v.                 :    No. 1070 C.D. 2020
               :    SUBMITTED: April 30, 2021
Pennsylvania Parole Board,      :
         Respondent    :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
               HONORABLE J. ANDREW CROMPTON, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**            **FILED: August 23, 2021**


Petitioner, Eric LaVaughn Johnson, petitions for review of an order of the Pennsylvania Parole Board (Board) denying his request for administrative review of his parole violation maximum sentence date. In addition, Petitioner's counsel, Autumn L. Johnson, Esquire, petitions for leave to withdraw her appearance, asserting that Petitioner's appeal is without merit. After review, we grant counsel's application and affirm the Board's order.

In March 1997, the Court of Common Pleas of Allegheny County sentenced Petitioner to 10 to 20 years in a state correctional institution for third-degree murder with a maximum sentence date of July 25, 2015. (Certified Record "C.R." at 1.) On June 26, 2006, Petitioner was paroled. (*Id.* at 7.) On July 29, 2008, he was arrested in Bucks County on new criminal charges related to drugs and firearms. (*Id.* at 29.) Subsequently, he was recommitted as a technical parole

violator for traveling outside of the Chester District and ordered to serve 9 months backtime as a technical parole violator. (*Id*. at 30 and 32.)

On February 24, 2009, the Bucks County charges were *nolle prossed* and picked up by the Bureau of Alcohol, Tobacco, Firearms and Explosives (Bureau). (*Id*. at 92.) On March 25, 2009, the Bureau filed and prosecuted related charges pertaining to firearm and drug offenses in the United States District Court of the Eastern District of Pennsylvania. (*Id*. at 90 and 104.) Petitioner was convicted of 4 federal criminal offenses and, subsequently, received a federal sentence of 197 months on June 8, 2010. (*Id*. at 39 and 48.) Petitioner remained in federal custody from 2008 to 2019 and, while serving his federal sentence, reached his original Pennsylvania maximum date of July 25, 2015. (*Id*. at 1 and 92.)

On November 14, 2019, Petitioner was returned to Board custody. (*Id*. at 63.) He was recommitted as a convicted parole violator and sentenced to serve 18 months' backtime. (*Id*. at 98.) On February 18, 2020, the Board recalculated his parole maximum date as May 17, 2028. (*Id*. at 116.) In March 2020, Petitioner filed a *pro se* petition for administrative review, contesting the order in which he served his original sentence and his new federal sentence as well as the credit allocation regarding his new maximum date. (*Id*. at 124-41.) In June 2020, the Board received an entry of appearance on behalf of Petitioner. (*Id*. at 142.) In September 2020, the Board modified its order to recommit and set Petitioner's maximum date as February 3, 2027, thereby awarding him 678 days of presentence credit that he served on the Board's detainer (July 30, 2008, to June 8, 2010). (*Id*. at 121 and 144.)

In November 2020, Petitioner filed a petition for review with this Court. Following this Court's order appointing the Public Defender of Mercer County to

represent Petitioner, counsel entered her appearance. Subsequently, she applied for leave to withdraw her appearance, asserting that Petitioner's appeal is without merit.

As an initial matter, before this Court can consider the merits of Petitioner's petition for review, we must first address counsel's application for leave to withdraw her appearance and determine whether she has satisfied the requirements that appointed counsel must meet before leave to withdraw may be granted. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In that regard, the following is well established:

> A court-appointed counsel who seeks to withdraw representation because issues raised by the petitioner are frivolous must fulfill the following technical requirements: (1) he must notify [the] parolee of [the] request to withdraw; (2) he must furnish [the] parolee with a copy of an *Anders* [*v. California*, 386 U.S. 738 (1967),] brief or no-merit letter; and (3) he must advise [the] parolee of his right to retain new counsel or raise any new points that he might deem worthy of consideration.

*Banks v. Pa. Bd. of Prob. & Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003) (footnote omitted). Further, "[c]ounsel's brief or no-merit letter must set forth: (1) the nature and extent of his review of the case; (2) the issues the parolee wishes to raise on appeal; and (3) counsel's analysis concluding that the appeal has no merit and is frivolous." *Encarnacion v. Pa. Bd. of Prob. & Parole*, 990 A.2d 123, 126 (Pa. Cmwlth. 2010) (citations omitted). Where, as here, there is no constitutional right to counsel, counsel may satisfy his or her obligations by filing a no-merit letter

and the standard is whether the claims on appeal are without merit.[1] *Seilhamer*, 996 A.2d at 42 n.4.

Upon review of counsel's petition and accompanying no-merit letter, it is clear that counsel satisfied both the procedural and substantive requirements necessary to withdraw as appointed counsel. With regard to the procedural requirements, counsel: (1) notified Petitioner of her request to withdraw as appointed counsel; (2) furnished Petitioner with a copy of counsel's application to withdraw and no-merit letter in support of that application; and (3) advised Petitioner of the right to retain new counsel, to proceed *pro se*, and to raise any additional issues that Petitioner deems worthy of review by this Court. Further, in her no-merit letter, counsel set forth: (1) the nature of her review of the case; (2) the issues that Petitioner sought to raise in his petition for review; and (3) an explanation as to why counsel believed that each issue is without merit. Counsel specifically addressed Petitioner's arguments concerning his challenge to the Board's authority to revoke credit for his time spent at liberty on parole as well as its authority to recalculate a new maximum date, concluding that both are meritless. Accordingly, we turn to the merits of the petition for review.

Petitioner first argues that the Board lacked authority to revoke the credit he received as a technical parole violator for his time spent at liberty on parole in good standing. His argument is without merit. In *Kazickas v. Pennsylvania Board of Probation and Parole*, 226 A.3d 109, 116 (Pa. Cmwlth. 2020), this Court affirmed the Board's decision to revoke the petitioner's credit "[b]ecause the criminal conduct

---

[1] Pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), counsel aiming to withdraw from the representation of a petitioner who seeks review of a Board determination must proffer a "no-merit" letter detailing the nature and extent of counsel's review and listing the discrete issues that the petitioner wishes to raise, with counsel's reasons why those issues lack merit.

that led to Kazickas' [convicted parole violator] recommitment occurred during the same parole period as the violation that led to his [technical parole violator] recommitment[.]"

Here, Petitioner's technical parole violation and the charges leading to his conviction as a convicted parole violator stemmed from the same criminal incident. As we have explained, "[b]efore [a parolee] could be recommitted as a [convicted parole violator], [he] had to be convicted of a criminal offense; this takes more time than is required to determine whether there were technical parole violations." *Hammett v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 13 C.D. 2019, filed May 8, 2020), slip op. at 10, *appeal denied*, 242 A.3d 633 (Pa. 2020).[2] As such, the Board must wait until it receives notice of a conviction before addressing whether to recommit a parolee as a convicted parole violator and revoke credit for time spent at liberty on parole. *Id.* Consequently, because Petitioner was recommitted as a convicted parole violator, the Board was permitted to revoke credit for his street time.

Next, Petitioner mistakenly relies on *Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643 (Pa. Cmwlth. 2000), for the proposition that the Board cannot recalculate his maximum date because that power is solely within the sentencing judge's authority. While it is true that the Board is not allowed to alter a judicially imposed sentence, it may require a parolee to serve the remaining balance of his unexpired term. *Id.* at 645. Here, rather than improperly extending a judicially imposed sentence, the Board merely determined that Petitioner owed 2,638 days of backtime on his original sentence. (C.R. at 121 and 144.) Backtime

---

[2] This Court's unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

is "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." 37 Pa. Code § 61.1.

For the foregoing reasons, we agree that Petitioner's appeal is without merit. Accordingly, we grant Attorney Johnson's application for leave to withdraw as counsel and affirm the Board's order denying Petitioner's request for administrative review.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric LaVaughn Johnson,        :
                Petitioner    :
                              :
         v.                  :     No. 1070 C.D. 2020
                              :
Pennsylvania Parole Board,      :
                Respondent    :

# O R D E R

AND NOW, this 23rd day of August, 2021, Autumn L. Johnson, Esquire's application for leave to withdraw her appearance is hereby GRANTED, and the order of the Pennsylvania Parole Board is AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita