IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Daniel Gonzalez,                    :
                           Petitioner    :
                                         :
                    v.                   :
                                         :
Pennsylvania Board of Probation          :
and Parole,                              :    No. 310 C.D. 2016
                           Respondent    :    Submitted: July 1, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: September 23, 2016


          Luis Daniel Gonzalez (Gonzalez) petitions this Court for review of the
Pennsylvania Board of Probation and Parole's (Board) February 11, 2016 order
denying his request for administrative relief.  Gonzalez's counsel, David Crowley,
Esquire (Counsel), has filed an application to withdraw his representation of
Gonzalez (Application).  After review, we grant the Application and affirm the
Board's order.

          Gonzalez is an inmate at the State Correctional Institution (SCI) at Camp
Hill.  On July 22, 2013, the Board paroled Gonzalez to the York Community
Corrections Center from a 2½ to 7-year sentence for simple assault, assault by
prisoner and the manufacture, sale, delivery and/or possession of drugs with the intent
to deliver (Original Sentence).  At that time, his maximum sentence release date was
June 24, 2017.  As a condition of his parole, Gonzalez agreed:

          If you are convicted of a crime committed while on
          parole/reparole, the Board has the authority, after an

> appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 9. Gonzalez did not raise any objections to the above-quoted parole condition.

On April 2, 2015, Gonzalez was arrested and charged with possession of a controlled substance (heroin), and possession with the intent to deliver a controlled substance (heroin) (New Charges). *See* C.R. at 18-21. On April 3, 2015, the Board issued a warrant to commit and detain Gonzalez pending disposition of the New Charges. *See* C.R. at 14. The trial court set bail in the amount of $50,000.00, but Gonzalez did not post bail. *See* C.R. at 23-24. Based upon a negotiated guilty plea reached August 13, 2015, Gonzalez was sentenced to 2½ to 5 years of incarceration (New Sentence), but was given credit for the 134 days he served pending disposition of the New Charges. *See* C.R. at 37-38.

On August 19, 2015, the Board served Gonzalez with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. *See* C.R. at 30. That day, Gonzalez admitted to the New Charges, and waived his right to counsel and a revocation hearing. *See* C.R. at 31, 41-42. On September 18, 2015, Board panel member Craig McKay accepted Hearing Examiner Gary Holland's September 3, 2015 recommendation and provided the second signature needed to recommit Gonzalez as a convicted parole violator to serve 24 months backtime without credit for time he spent at liberty on parole. *See* C.R. at 43-44, 48. By October 2, 2015 decision (issued October 14, 2015), the Board formally recommitted Gonzalez to serve 24 months backtime, and recalculated his maximum sentence release date as August 21, 2019. *See* C.R. at 52-53.

On November 10, 2016, based solely upon his interview with Gonzalez as Counsel did not have the Board's record at that time, Counsel timely sought

administrative relief on Gonzalez's behalf challenging the Board's sentence credit calculation and its authority to extend Gonzalez's judicially-imposed sentence. *See* C.R. at 55-56. By February 11, 2016 decision, the Board denied Gonzalez administrative relief. On February 29, 2016, Counsel appealed from the Board's decision to this Court on Gonzalez's behalf.[1]

Before reviewing whether the Board erred in recalculating Gonzalez's maximum sentence release date, this Court must consider Counsel's Application. Counsel received the Board's certified record in this matter on March 24, 2016. After reviewing the record and his interview notes, Counsel determined that Gonzalez's appeal is without merit.

In order to withdraw representation, counsel must review the case zealously, and:

> submit a **'no-merit' letter** to the trial court, **or brief**[2] on appeal to this Court, detailing the nature and extent of

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[2] A significant portion of Counsel's brief is dedicated to his explanation of why a brief was necessary in this case. Formerly, "to protect an indigent criminal defendant's right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and to ensure that the attorney seeking to withdraw is not forced to argue against his client," counsel were required to file a petition and a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967) "present[ing] the reviewing court with information that will aid it in determining whether the defendant's appeal is frivolous." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009) (*en banc*). In the *Anders* brief, counsel were to "set[] forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007).

> In *Commonwealth v. Turner, . . .* 544 A.2d 927 ([Pa.] 1988), the Pennsylvania Supreme Court adopted a less stringent standard for the withdrawal of appointed counsel from cases in which the right to counsel does not derive from the United States Constitution, such as collateral appeals. The Court held that, rather than an *Anders* brief, counsel may instead provide a 'no-merit' letter which details 'the

> counsel's **diligent review** of the case, **listing the issues** which the petitioner wants to have reviewed, explaining why and how those **issues lack merit**, and requesting **permission to withdraw**.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (emphasis added).

Here, Counsel's Application states: "[Counsel] has notified [Gonzalez] of [Counsel's] request to withdraw, furnished [Gonzalez] with a copy of the [b]rief in support of [the Application], and advised [Gonzalez] of his right to retain new counsel or raise any points that might deem worthy of consideration as required . . . ." Counsel's App. ¶ 4. Counsel's brief is entitled "Brief for Applicant," and specifies therein that it is his "Brief in Support of Application to Withdraw Appearance [(Brief)]." In the Brief's conclusion, Counsel again provides: "A copy of this Brief has been served upon [Gonzalez] with instructions that any additional reasons in support of his Petition [for Review] be submitted to the Commonwealth Court of Pennsylvania." Counsel Br. at 22.

We take notice that the Certifications of Service filed with the Application and the Brief reflect that Counsel served them upon Gonzalez by first-class mail on April 26, 2016. On April 28, 2016, this Court ordered that the Application shall be considered with the merits of Gonzalez's appeal, and stated that Gonzalez could obtain new counsel. Counsel was directed therein to serve the April

---

> nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless,' at which point the court must conduct its own review of whether the claim is meritless.

*Hughes*, 977 A.2d at 24-25 (footnote omitted) (quoting *Turner*, 544 A.2d at 928). The *Hughes* Court recognized that, "[i]n recent years, this Court has shown little concern for whether it receives an *Anders* brief or a no-merit letter in a parole revocation matter. This Court has recently drawn little distinction between whether the case must be 'frivolous' or 'meritless' before counsel may withdraw." *Hughes*, 977 A.2d at 25 (citation omitted). In maximum sentence release date cases, "[w]here an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010).

4

28, 2016 order upon Gonzalez within 14 days. On May 2, 2016, Counsel filed an Affidavit of Service wherein he swore that he served the Court's April 28, 2016 order upon Gonzalez by first-class mail on May 2, 2016.[3]

In Counsel's Brief, despite that Gonzalez's sole issue on appeal is whether the Board properly extended his maximum sentence release date, Counsel also referenced "Other Issues Apparent in Counsel's Review of the Record," and clarified that the Board erred by stating that Gonzalez was ineligible for reparole until September 18, 2017, when Gonzalez is eligible for reparole as of October 3, 2016.[4] Counsel Br. at 21. It is clear that Counsel carefully examined the issues herein, in particular, whether the Board properly extended Gonzalez's maximum sentence release date to August 21, 2019, both in terms of whether the Board was constitutionally authorized to extend it, and whether the date was properly calculated. Counsel concluded that he "is unable to raise or argue any available issue which would entitle [Gonzalez] to relief." Counsel Br. at 22. Accordingly, we hold that Counsel's Brief "set[] forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007). Finding that Counsel's Brief satisfied the *Anders/Commonwealth v. Turner,* 544 A.2d 927 (Pa.

---

[3] Gonzalez has not responded to the Application, nor has substitute counsel entered an appearance on Gonzalez's behalf.

[4] Counsel is correct. The Board's October 2, 2015 decision (issued October 14, 2015) states: "NOT ELIGIBLE FOR REPAROLE UNTIL [SEPTEMBER 18, 2017]." C.R. at 52. However, because Gonzalez has the right to apply for reparole one year from the date of the Board's decision, Gonzalez was eligible for reparole consideration on or after October 3, 2016. Section 6139(a)(3) of the Prisons and Parole Code, 61 Pa.C.S. § 6139(a)(3) ("the [B]oard shall not be required to consider nor dispose of an application by an inmate . . . where a parole decision has been issued by the [B]oard on that case within one year of the date of the current application for parole."). Moreover, since Counsel stated that Gonzalez received his reparole application on or after October 3, 2016, *see* Counsel Br. at 21, the issue is moot.

5

1988), requirements, we undertake our own review of the merits of Gonzalez's appeal.

Gonzalez argues that the Board was not authorized to extend his judicially-imposed sentence. Section 6138 of the Prisons and Parole Code (Parole Code) governs the Board's maximum sentence release date calculations. Section 6138(a) of the Parole Code states, in pertinent part:

> **Convicted violators.**--
>
> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee . . . pleads guilty . . . at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted** . . . .

61 Pa.C.S. § 6138(a) (text emphasis added).

We acknowledge that "[t]he Board can only require that a parolee serve the remaining balance of his unexpired term since the Board does not have the power to alter a judicially-imposed sentence." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Savage v. Pa. Bd. of Prob. & Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) (citation omitted)). However, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be extended to account for all street-time,[5] regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. & Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). Moreover, the Pennsylvania Supreme Court has specifically held that the Board's authority to

---

[5] "'Street time' is a term for the period of time a parolee spends at liberty on parole." *Dorsey v. Pa. Bd. of Prob. & Parole*, 854 A.2d 994, 996 n.3 (Pa. Cmwlth. 2004).

6

extend maximum term expiration dates under such circumstances does not usurp the courts' sentencing functions, or violate a parolee's due process rights. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980).[6] Accordingly, the Board did not extend Gonzalez's judicially-imposed sentence, but rather, properly extended his maximum sentence date to account for Gonzalez's street-time.

In response to Counsel's request for administrative relief, the Board stated:

> The Board recalculated your client's max date to August 21, 2019 based on his recommitment as a convicted parole violator. The decision to recommit [] Gonzalez as a convicted parole violator gave the Board statutory authority to recalculate his sentence to reflect that he received no credit for the period he was at liberty on parole. 61 Pa. C.S. § 6138(a)(2). The Board advised [] Gonzalez of this potential penalty on the parole conditions he signed on July 19, 2013. Additionally, the ability to challenge the recalculation decision after it is imposed satisfies his due process rights. Therefore, the Board's recalculation of your client's max date is constitutional. *Young v. Commonwealth*, 409 A.2d 843 (Pa. 1979).

---

[6] *Gaito* was based upon Section 21.1 of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147. Section 21.1(a) of the Parole Act similarly stated:

> Any parolee under the jurisdiction of the [Board] released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which . . . he pleads guilty . . . in a court of record, may, at the discretion of the [B]oard, be recommitted as a parole violator. If his recommitment is so ordered, **he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole** . . . .

(Emphasis added).

C.R. at 60. Finding no error in the Board's response, we agree with Counsel and hold that Gonzalez's argument that the Board improperly extended his sentence has no merit.

Gonzalez also claims that the Board improperly calculated his new parole violation maximum date by failing to credit his Original Sentence with all of the confinement time to which he was entitled. We disagree.

We acknowledge that, under Section 6138(a)(5)(i) of the Parole Code, a parolee who is paroled from a state institution and is sentenced on new charges to a state institution must serve the balance of the original sentence before serving the new sentence. 61 Pa.C.S. § 6138(a)(5). However, it is well-established that

> if a defendant is being held in custody *solely* because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. **If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.**

*Gaito,* 412 A.2d at 571 (bold emphasis added). Further, this Court recently held:

> Section 6138(a)(4) of the [Parole] Code provides: 'The period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.' 61 Pa.C.S. § 6138(a)(4). . . . '[O]nce a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied, must be applied to the new sentence, and not to the original sentence.' *Armbruster v. Pa. Bd. of Prob. & Parole,* 919 A.2d 348, 352 (Pa. Cmwlth. 2007).

*Palmer v. Pa. Bd. of Prob. & Parole,* 134 A.3d 160, 166 (Pa. Cmwlth. 2016) (emphasis added). Moreover, "a parole violator's new maximum date is calculated

8

from the date on which the Board obtained the second signature needed to recommit him as a [convicted parole violator]." *Id.*

> In this case, the Board stated:

> [T]he Board properly recalculated the max[imum] date. The Board paroled [] Gonzalez from his sentence imposed to be served at a state correctional institution ('SCI') on July 22, 2013 with a max[imum] date of June 24, 2017. This means he had a total of 1433 days remaining on his sentence (from [July 22, 2014] to [June 24, 2017] = 1433 days). As previously stated, the Board did not grant your client credit for time at liberty on parole[,] so he still had 1433 days remaining.

> On April 3, 2015, authorities detained your client for new criminal charges . . . . There is no indication that he posted bail from these charges and you do not claim that he posted bail. The Board lodged its detainer against him that same day. [] Gonzalez pled guilty to the new criminal charges on August 13, 2015 and the court sentenced him to a new term of imprisonment to be served in an SCI that same day. The Board voted to recommit [] Gonzalez as a parole violator on September 18, 2015.

> Based on these facts, the Board did not give your client any credit on his [O]riginal [S]entence for the period he was incarcerated from April 3, 2015 to August 13, 2015 because he was held on both the [B]oard[']s] detainer and the new criminal charges during this period. As such, credit for that time must apply to his new sentence when it is calculated. *Gaito* . . . . This means he still had 1433 days to serve on the sentence.

> The [Parole Code] provides that convicted parole violators who are paroled from an[] SCI and receive a new sentence to be served in an SCI must serve the original sentence first. 61 Pa. C.S. § 6138(a)(5). However, that provision does not take effect until the parolee is recommitted as a convicted parole violator. Thus, your client did not become available to commence service of his original sentence until September 18, 2015 because that is when the Board voted to recommit him as a parole violator. *Campbell v. P[a.] B[d.] of Prob[.] [&] Parole*, 409 A.2d 980 (Pa. [Cmwlth.]

9

> 1980).  Credit for the time he was confined from August 13, 2015 to September 18, 2015 should also be applied to [] Gonzalez's new sentence when it is calculated.  Adding the 1433 days he had remaining on the sentence to this availability date yields a new maximum sentence date of August 21, 2019.
>
> Accordingly, the appeal panel finds no ground to grant administrative relief and AFFIRMS the Board decision mailed October 14, 2015.

C.R. at 60-61.  Finding no error in the Board's response, we agree with Counsel and hold that Gonzalez's argument that the Board improperly calculated his maximum sentence release date has no merit.

Based upon the foregoing, Counsel's Application is granted and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luis Daniel Gonzalez,      :
           Petitioner      :
           :
          v.            :
           :
Pennsylvania Board of Probation      :
and Parole,      :      No. 310 C.D. 2016
           Respondent      :

# O R D E R

AND NOW, this 23rd day of September, 2016, David Crowley, Esquire's Application to Withdraw Appearance is granted, and the Pennsylvania Board of Probation and Parole's February 11, 2016 order is affirmed.

_____
ANNE E. COVEY, Judge