IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Strawn,                          :
                                         :
                    Petitioner           :
                                         :
          v.                             : No. 30 C.D. 2020
                                         : Submitted: August 7, 2020
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED: July 16, 2021


          Stephen Strawn (Strawn) petitions for review from an order of the
Pennsylvania Board of Probation and Parole (Board)[1] that denied his request for
administrative review challenging the calculation of his maximum sentence date.
Also, before us is a petition to withdraw as counsel filed by Strawn's court-appointed
attorney, David Crowley, Esquire (Attorney Crowley), on the ground that Strawn's

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§ 6101, 6111(a).

appeal is without merit. For the reasons that follow, we grant Attorney Crowley's petition to withdraw as counsel, and we affirm the Board's order.

## I. Background

In June 2009, Strawn was originally sentenced to a term of 5 to 10 years in prison after being found guilty of a drug offense. Certified Record (C.R.) at 1. His maximum sentence date was September 2, 2018. C.R. at 1. Strawn was paroled from this sentence on September 3, 2013. C.R. at 16, 64.

After his initial release, Strawn was arrested for new offenses and parole violations, reparoled, and placed in drug and alcohol treatment programs numerous times. C.R. at 16-18. According to his Supervision History, on October 7, 2014, Strawn was arrested in Dauphin County for driving-related offenses and was recommitted for parole violations. C.R. at 16, 18, 39. On March 25, 2015, Strawn was released to a community corrections center. C.R. at 16. On June 8, 2015, Strawn was arrested for possession of marijuana, use/possession of drug paraphernalia, driving under the influence (DUI), and driving-related offenses. C.R. at 16. On June 15, 2015, Strawn turned himself into parole authorities and was subsequently recommitted as a technical parole violator (TPV) and a convicted parole violator (CPV). C.R. at 1, 16, 39, 64.

On May 10, 2017, Strawn was again released on parole with a maximum sentence date of April 11, 2020. C.R. at 6-7, 17, 64. At the time of his release, 1,067 days, the period between May 10, 2017, and April 11, 2020, remained on his sentence. Strawn acknowledged the following condition of parole: "If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the

2

sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole." C.R. at 8, 10.

On August 18, 2017, Strawn was arrested again for DUI and driving-related offenses in Lebanon County. C.R. at 17, 54. On October 26, 2017, Strawn was detained on the DUI charges in lieu of $2,500 bail. C.R. at 54, 71. On May 11, 2018, the sentencing court reduced Strawn's bail to release on his own recognizance (ROR). C.R. at 54, 71.

On August 31, 2017, the Board issued a warrant to commit and detain Strawn for technical parole violations based on Strawn's admission to his parole agent that he smoked marijuana and consumed alcohol in violation of his parole. C.R. at 12, 21. Following a panel violation hearing, by decision recorded February 6, 2018, the Board recommitted Strawn as a TPV to serve nine months' backtime. C.R. at 32, 40-43. At the time of the Board's August 31, 2017 detainer, Strawn owed 954 days, the period between August 31, 2017, and April 11, 2020, on his original sentence. Although the Board was aware of the pending DUI charges at the panel violation hearing, C.R. at 32, the Board did not detain Strawn pending the disposition of those charges until April 10, 2018. C.R. at 47.

On November 27, 2018, following a jury trial, Strawn was found guilty of a single DUI offense.[2] C.R. at 54, 72. Strawn was sentenced that same day to a period of incarceration in Lebanon County Prison of 6 to 24 months. C.R. at 55. Because Strawn had already served the minimum sentence,[3] the sentencing court

---

[2] The other DUI charge was withdrawn. *See* C.R. at 72.

[3] Between October 26, 2017, and May 11, 2018, roughly 6.5 months, Strawn was incarcerated exclusively on the DUI charges emanating from the August 18, 2017 incident. C.R. at 54. The sentencing court recommended that the Board credit the period of incarceration between May 11, 2018, and the date of sentencing on November 27, 2018, towards Strawn's original sentence. C.R. at 54.

ordered Strawn's immediate return to the Board's custody pursuant to the Board's April 10, 2018 detainer. C.R. at 47, 56, 103.

Upon his return, the Board charged Strawn as a CPV based on the new DUI conviction and held a revocation hearing. C.R. at 57. A hearing examiner issued a hearing report determining that Strawn should be recommitted as a CPV based on the DUI conviction, noting poor adjustment under supervision, early failure on parole/reparole, and prior parole/probation failure. C.R. at 57-63. The hearing examiner recommended not to award any credit for time that Strawn spent at liberty while on parole, citing Strawn's "unresolved drug and alcohol issues." C.R. at 59. The Board revoked Strawn's parole as indicated by the second signature on the hearing report. C.R. at 63.

By revocation decision recorded on February 6, 2019, the Board recommitted Strawn as a CPV to serve six months' backtime. C.R. at 105. The Board referred to its prior action recorded on February 6, 2018, to recommit Strawn as a TPV to serve nine months' backtime. C.R. at 105. The Board directed that Strawn's CPV backtime run concurrently with the TPV backtime for a total of nine months' backtime. C.R. at 105. The Board calculated Strawn's new maximum sentence date as February 15, 2021.[4] C.R. at 105. The Board did not award credit for time spent at liberty on parole, citing Strawn's "unresolved drug and alcohol issues." C.R. at 106.

Strawn, representing himself, timely requested administrative review of the Board's revocation decision challenging the Board's recalculation of his

---

[4] The Board has filed an Application for Summary Relief asserting that, because this date has since passed, Strawn's appeal is moot. However, because we are unable to discern from the certified record whether this maximum sentence date would affect the service of another state sentence, we decline to dismiss the appeal as moot.

4

maximum sentence date and denial for the time that he spent at liberty on parole, also known as "street time." More particularly, Strawn requested credit against his original sentence for all street time from May 10, 2017, to the present on the basis that the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§101-6309, gives the Board the discretion to award this time where the CPV's new conviction is not a sex offense or a crime of violence. C.R. at 107. Strawn also asserted that the Board's extension of his maximum sentence date illegally forfeited street time credit previously awarded from September 2013 to November 2014. C.R. at 107, 109. By decision mailed December 11, 2019, the Board denied Strawn's request for administrative review upon determining that the Board acted within its discretion to deny street time credit and properly calculated his maximum sentence date. C.R. at 111-12.

From this decision, Strawn timely filed a *pro se* petition for review. Thereafter, Attorney Crowley filed an amended petition for review on Strawn's behalf. In the amended petition, Strawn contends that the Board's calculation of his maximum sentence date illegally extended his original sentence by failing to apply all credit to which he was entitled. Shortly thereafter, Attorney Crowley filed a petition to withdraw as counsel along with a no-merit letter based on his belief that Strawn's appeal is without merit. This matter is now before us for disposition.

## II. Petition to Withdraw

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit,

and requesting permission to withdraw.[5]  *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009) (*en banc*); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).    The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'"  *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must:  (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22.  If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25.  If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Crowley's no-merit letter satisfies the technical requirements of *Turner*.  Attorney Crowley states that he conducted a conscientious

---

[5] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that:  (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous.  *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009) (*en banc*).  Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief.  *Hughes*, 977 A.2d at 25-26.

6

and thorough review of his notes from meetings with Strawn and correspondence with him, the certified record, applicable statutes, and case law. He set forth a procedural history of the case and the basis for the appeal. Attorney Crowley summarized the following issues: a) whether the Board may forfeit the street time of a nonviolent CPV; b) whether the Board illegally extended Strawn's maximum sentence date by illegally forfeiting street time between September 2013, and November 2014, that was previously awarded; and c) whether the Board properly recalculated Strawn's maximum sentence date. Attorney Crowley provided a thorough analysis as to why each issue lacks merit, complete with citations to relevant case law, statutes, regulations, and the certified record.[6]

Based on his review, Attorney Crowley concludes that Strawn's appeal to this Court is without merit, and he requests permission to withdraw as counsel. Attorney Crowley provided Strawn with a copy of the no-merit letter and his request

---

[6] In his review, Attorney Crowley noted one error in the Board's determination, but it did not implicate the validity of the new maximum sentence date. Specifically, the Board, citing Section 6138(a)(5) of the Parole Code, 61 Pa. C.S. §6138(a)(5), stated that where a CPV is released from a state correctional institution on his original sentence and receives a new sentence to be served in a state correctional institution, he must serve the original sentence first. C.R. at 113. As the Board explained: "Because the Board previously committed you as a [TPV] by decision recorded February 6, 2018, you therefore became available to commence service of your original sentence on November 27, 2018, the day you were sentenced in Lebanon County." *Id.* However, Strawn's new 6- to 24-month sentence for DUI was not a state sentence, but a county sentence to be served in county jail. Under Section 6138(a)(5)(iii) of the Parole Code, the service of a new county sentence "precede[s] commencement of the balance of the [state] term originally imposed." 61 Pa. C.S. §6138(a)(5)(iii). Notwithstanding, the order to recommit correctly states that Strawn's place of confinement was the county and that Strawn was paroled from the county sentence on November 27, 2018. C.R. at 104. Therefore, Strawn properly began serving backtime on his original sentence on the custody for return date of November 27, 2018. Because calculating the new maximum sentence date is simply a matter of adding the unserved sentence balance to the custody for return date, the Board's misstatement regarding the sequence of service had no bearing on the calculation of his maximum sentence date and would not cause Strawn to serve more time than originally imposed by the sentencing court. *Turner* Letter, 5/6/20, at 6-7.

to withdraw. He advised Strawn of his right to retain new counsel or proceed by representing himself.[7] As we are satisfied that Attorney Crowley has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Strawn's petition for review lacks merit.[8]

### III. Independent Review
### A. Forfeiture of Street Time

First, Strawn argues that the Board erred or abused its discretion by denying him credit for street time following his parole on May 10, 2017. Strawn maintains that he is entitled to a credit under the Parole Code because he was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii).

Section 6138(a) of the Parole Code governs parole violations for convicted violators providing, in pertinent part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> (2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the*

---

[7] Strawn did not retain new counsel or file a brief in support of his petition for review.

[8] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

*term which the parolee would have been compelled to serve had the parole not been granted* and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) *The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole*, unless any of the following apply:

> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>
> (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a) (emphasis added).

Section 6138(a)(2) of the Parole Code authorizes the Board to recommit CPVs to serve the remainder of the term they would have been required to serve had they not been paroled, except as provided under subsection (a)(2.1). 61 Pa. C.S. §6138(a)(2). Subsection (a)(2.1) grants the Board discretion to award credit to a qualifying CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in subsections (a)(2.1)(i) and (ii). 61 Pa. C.S. §6138(a)(2.1); *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 473 (Pa. 2017).

In the exercise of this discretion, the Board must conduct an "individual assessment of the facts and circumstances surrounding [a parolee's] parole revocation." *Pittman*, 159 A.3d at 474. Further, the Board must "articulate the basis

9

for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* Although the Board has broad discretion to grant or deny such credit, its decision is subject to appellate review and must be reversed or vacated as an abuse of discretion where the Board has based its denial of credit on an erroneous premise. *Id.* at 474-75 and n.12. Where the Board denies credit for time served at liberty on parole, this time is applied to the original maximum expiration date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 351 (Pa. Cmwlth. 2007).

Here, Strawn was not convicted of a crime of violence, did not commit a crime requiring sex offender registration, and was not subject to a federal removal order. *See* 61 Pa. C.S. §6138(a)(2.1)(i) and (ii). Although Strawn qualified for credit under the Parole Code, it was within the Board's discretion to grant or deny credit for street time. 61 Pa. C.S. §6138(a)(2.1); *Pittman*, 159 A.3d at 473. The Board chose to deny credit and contemporaneously articulated Strawn's "unresolved drug and alcohol issues" as the reason for denial. C.R. at 59, 106. Such constitutes a valid basis to deny credit. *See Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018) (upholding "unresolved drug and alcohol issues" as a valid basis to deny credit under the *Pittman* standard). Upon review, we discern no error or abuse of discretion in the Board's denial of this street time credit.

10

## B. Forfeiture of Street Time Previously Awarded

Next, Strawn claims that the Board extended his maximum sentence date by illegally forfeiting street time between September 2013 and November 2014[9] that was previously awarded.

The Parole Code does not authorize the Board to withdraw or revoke street time credit previously granted pursuant to Section 6138(a)(2.1) of the Parole Code in a subsequent revocation proceeding. *Young v. Pennsylvania Board of Probation and Parole*, 225 A.3d 810, 814 (Pa. 2020). Indeed, "[o]nce the Board grants sentence credit for street time, it is gone. The only extant 'time spent at liberty on parole' will be that time that falls between the parolee's most recent reparole and his recommitment." *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 409 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020) (internal quotation and citation omitted).

Upon review, there is no factual support for Strawn's claim that the revocation decision recorded February 6, 2019, forfeited any prior street time granted to him. The relevant period in question is between Strawn's most recent parole date of May 10, 2017, and his return to custody date of November 27, 2018. The only extant street time during this period was the three months of liberty between his May 10, 2017 release on parole and his August 31, 2017 detention. C.R. at 105-06. The Board forfeited this street time citing Strawn's "unresolved drug and alcohol issues." C.R. at 106. To the extent that the Board awarded Strawn any prior

---

[9] We presume that Strawn is referring to time spent at liberty on parole between his initial parole release on September 3, 2013, and his subsequent detention for parole violations following his arrest in Dauphin County for driving-related offenses on October 7, 2014. *See* C.R. at 16, 18, 39, 64. However, the actual date of the parole detention is not clear from the record.

street time credit in its 2016 recommitment decision,[10] such time was not forfeited in the instant recommitment in contravention of *Young*.

### C. Recalculation of Maximum Sentence

Finally, Strawn contends that the Board erred in its recalculation of his maximum sentence date.

As discussed above, Section 6138(a)(2) of the Parole Code provides that a parolee who is convicted of committing a crime while on parole may be recommitted to serve the remainder of his original maximum sentence without credit for time at liberty on parole. "When computing the time yet to be served on the original sentence, the convicted parole violator's street time is added to the original maximum expiration date to create a new maximum expiry." *Armbruster*, 919 A.2d at 351. The only limitation on the recalculation of a convicted parole violator's new maximum sentence date where there has been a forfeiture of street time upon a new conviction is that the new maximum sentence date may not exceed the total unserved balance of the original sentence. *See Savage v. Pennsylvania Board of Probation and Parole*, 761 A.2d 643, 645 (Pa. Cmwlth. 2000) ("It is well-settled that the Board is not permitted to impose backtime which exceeds the entire remaining balance of parolee's unexpired term.").

At the time of his last parole release on May 10, 2017, Strawn's maximum sentence date was April 11, 2020, leaving 1,067 days remaining on this sentence. The Board credited Strawn with 256 days that he was incarcerated solely

---

[10] The 2016 recommitment decision is not part of the certified record. Therefore, it is unclear what, if any, street time was previously awarded. Notwithstanding, the 2016 recommitment decision, as reflected in other documents, set Strawn's maximum sentence date to April 11, 2020. *See* C.R. at 2-7, 12, 15, 40. Insofar as Strawn has any objections regarding the April 11, 2020 date, the time to challenge the 2016 recommitment decision has long since passed.

on the Board's detainers,[11] thereby reducing the amount of backtime owed to 811 days. By adding 811 days to his custody for return date of November 27, 2018, the Board arrived at a new maximum sentence date of February 15, 2021. This maximum sentence date does not exceed the entire remaining balance of Strawn's unexpired term. We, therefore, discern no error in the Board's calculation of Strawn's maximum sentence date.

## IV. Conclusion

Upon review, we agree with Attorney Crowley that Strawn's claims are without merit. Accordingly, we grant Attorney Crowley's petition to withdraw as counsel, and we affirm the order of the Board denying Strawn's request for administrative review. In addition, we deny the Board's Application for Summary Relief.

MICHAEL H. WOJCIK, Judge

---

[11] More particularly, the Board credited Strawn with 56 days between August 31, 2017 (date of Board detainer), and October 26, 2017 (date of DUI detention), and 200 days between May 11, 2018 (date that bail for the DUI charges was reduced to ROR), and November 27, 2018 (date that Strawn completed his DUI sentence and was returned to Board custody). C.R. at 103.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen Strawn,                :
                                 :
               Petitioner    :
                                 :
          v.                   : No. 30 C.D. 2020
                                 :
Pennsylvania Board of       :
Probation and Parole,        :
                                 :
            Respondent : 

## **O R D E R**

AND NOW, this 16th day of July, 2021, the order of the Pennsylvania Board of Probation and Parole (Board), mailed December 11, 2019, is AFFIRMED, and the petition to withdraw as counsel filed by David Crowley, Esquire, is GRANTED. The Board's Application for Summary Relief is DENIED.

_____
MICHAEL H. WOJCIK, Judge